## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ANGELA DEBOSE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ELLUCIAN, L.P., and ANDREA )<br>DIAMOND, individually, and as functional )<br>Consultant for ELLUCIAN, L.P. )<br>)<br>Defendants. )<br>_____/ | CASE NO: 8:18-cv-00473-EAK-AAS |

### AMENDED COMPLAINT

The Plaintiff, ANGELA DEBOSE, sues the Defendant, Ellucian, L.P. ("Ellucian"), and Andrea Diamond ("Diamond"), individually, and as functional consultant for Ellucian, L.P., and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is also an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. At all times material to this action, the Plaintiff is a natural person residing in Hillsborough County, Florida.

3. At all times material to this action, Defendant, Ellucian, L.P., is a corporate entity authorized to and doing business in Orange County, Florida. At all relevant times, Elluician (a.k.a. Sungard and SCT) was under contract (attached hereto[1]) with the University of South Florida, a state

---

[1] **See Exhibit A.** Ellucian, L.P., a State of Florida contractor, under §119.0701, and the University of South Florida Board of Trustees (USFBOT), a State agency, withheld the contracts pursuant to Plaintiff's public records requests. A Defendant, in MDF Case No. 8:15-cv-2787-EAK-AEP, Ellucian also failed to produce the contracts during discovery. In response to Plaintiff's first, second, and third motions to compel, Ellucian misrepresented to the court that all relevant documents had been produced in the case. Plaintiff obtained the contracts from USFBOT through a third-party public records request.

1

agency, and agreed to be subject to the laws of the State of Florida, including venue and jurisdiction.

4. Under Sections 47.011 and 48.193, Florida Statutes, venue is proper in Hillsborough County, Florida because the cause of action accrued in Hillsborough County and jurisdiction is proper because Defendant is engaged in substantial and not isolated activity with the State of Florida.

5. At all times material hereto, Defendant, Andrea Diamond ("Diamond"), Functional Consultant, was an Ellucian employee and worked in Hillsborough County, Florida, the situs of the tort, on Ellucian's behalf.[2]

6. At all times material hereto, Plaintiff, Angela DeBose, was University System Registrar of USF, which utilized Ellucian's Banner Student Information System, Degree Works Degree Auditing System, and the Student Planner Academic Tracking software application.

## NATURE OF THE PROCEEDINGS

7. Ms. DeBose avers that she was the victim of vicious, defamatory attacks perpetrated and committed by Diamond in the course and scope of her employment as a Functional Consultant in Ellucian's employ. Such wrongful acts were committed in the line and scope of performing Diamond's duties for Ellucian, and were designed to, and did, destroy Ms. DeBose's personal and professional reputation, severely embarrassed Ms. DeBose, subjected her to severe stress, extreme mental anguish and emotional trauma, and severely limited her ability to earn a living as a registrar at another college or university.

8. Diamond's false and defamatory accusations have been, and are continuing to be, widely disseminated in newspaper articles and published and posted on various websites on the internet, causing Ms. DeBose not only past and current harm, but perpetual harm.

---

[2] **See Exhibit B**. Executed Contract/Statement of Work for Ellucian, L.P.'s and Andrea Diamond's services attached hereto.

**FACTS**

9. On or about February 4, 2015, Ellucian arranged with the USF to conduct an *urgent* Post Implementation Assessment (PIA) of Degree Works.

10. Andrea Diamond ("Diamond") was assigned by Ellucian to conduct the urgent PIA in the week of April 14-16, 2015; Diamond was given proposed write-up dates of May 4-8th for the PIA Report (a.k.a. "Ellucian Report").

11. This was Diamond's first-ever consulting engagement and Diamond had no experience with USF's Banner Student Information System (a.k.a. "OASIS"), Degree Works, or Academic Tracking systems.

12. Diamond had no experience with the USF; Diamond had no experience with the USF Registrar's Office, Transfer Articulation, Student Success, Advising, or any other areas or departments.

13. Diamond was inexperienced, had never conducted a PIA before, and did not know what a PIA was.

14. Diamond, who did not know Plaintiff personally or professionally, met with Plaintiff for the first time and Shruti Kumar, an Administrative/Professional staff member of the USF Registrar's Office, for approximately 45 minutes at which time Plaintiff and Kumar answered Diamond's questions.

15. Diamond did not ask any follow-up questions or request to meet again with Plaintiff or other members of the Registrar's staff.  Diamond had no further contact with Plaintiff.

16. Diamond negligently and recklessly included the Plaintiff and the office she managed under "Areas of Risk" in her report and wrote false statements in the Ellucian Report about Plaintiff Angela DeBose, stating "[DeBose] *is a risk to Student Success*".

17. Diamond called for Plaintiff's termination as University Registrar, stating [she] *could ultimately hold you back from your future goals*".

18. Diamond wrote that Plaintiff "lacked collaboration", stating, *"you have managed to create an atmosphere of working together… I did not see this atmosphere in the Registrar's Office."*

19. On May 19, 2015, Plaintiff was terminated from the USF after 27 years of employment and exemplary performance appraisals.

20. Dr. Ralph Wilcox, USF Provost, who terminated the Plaintiff stated that Diamond's Ellucian Report raised questions at USF about DeBose's leadership, collaboration, competence, professionalism, and business acumen or ability.

21. Parts of Diamond's engagement report was used in a news article about DeBose's termination.

22. Andrea Diamond is an Ellucian employee under the control and operation of Defendant, Ellucian, L.P.

23. Defendant, Ellucian, L.P. trains, supervises, and provides "consultants" for higher education clients and provided a consultant to evaluate Plaintiff.

24. Ellucian knew or should have known Diamond was unqualified to do the PIA and also unqualified to evaluate the Plaintiff and the Registrar's office.

25. USF paid Diamond and Ellucian collectively $21,590, a fee generally commanded by a professional consultant.

26. Angela DeBose was terminated and suffered embarrassment, public humiliation, and emotional distress from the Ellucian Report.

27. None of the directors, managers, or supervisors of Ellucian were present during Diamond's onsite visit to evaluate or monitor her performance during her first and only consulting engagement.

28. Due to a lack of training and supervision, Andrea Diamond damaged Angela DeBose's reputation and caused her injury, including loss of job.

29. All general and statutory conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by the Defendant's actions.

## COUNT I - VICARIOUS LIABILITY[3] OF DEFENDANT ELLUCIAN
## FOR THE NEGLIGENCE OF ANDREA DIAMOND, DIRECTORS, AND MANAGERS

30. The Plaintiff incorporates paragraphs 1-29 of this Complaint as if fully set forth under this count.

31. Defendant Ellucian had a duty to properly train and supervise its staff (both employed and contracted) in consulting and engaging with clients.

32. When Angela DeBose was damaged by Andrea Diamond, none of the Ellucian managers, directors, or trainers assessed Andrea Diamond's performance to determine if she was following or applying the proper standards.

33. When Angela DeBose was damaged by the Ellucian Report, none of the managers, directors, or trainers took corrective action to retract, clarify, or rewrite the Ellucian Report or remediate the harm done to the Plaintiff.

34. As a direct and proximate cause of the acts described above, the Plaintiff has not only suffered the injuries described herein, but resulting pain and suffering, physical

---

[3] Vicarious liability was dismissed *without prejudice* in MDF Case No. 8:15-cv-2787-EAK-AEP, *Angela DeBose v. University Board of Trustees and Ellucian, L.P.*

inconvenience and discomfort, loss of time, mental anguish, expenses incurred due to the medical treatment, and loss of enjoyment of life. The Plaintiff's losses are permanent and continuing and she will suffer losses in the future

**WHEREFORE**, the Plaintiff prays:

    a. Judgment for all damages in excess of $15,000 dollars, plus costs;

    b. Trial by jury as to all issues so triable; and

    c. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II - NEGLIGENT HIRING, RETENTION AND SUPERVISION[4]
### BY DEFENDANT ELLUCIAN

35. The Plaintiff incorporates paragraphs 1-34 of this Complaint as if fully set forth under this count.

36. At all times material, Andrea Diamond was under the direction, supervision, and control of the Defendant, Ellucian, L.P., either directly or through its agents.

37. At all times material, the Defendant, Ellucian, L.P., either directly or through its agents, negligently hired, retained and/or supervised Andrea Diamond when the Defendant knew or should have known that a failure to appropriately perform, evaluate, assess and intervene in the PIA could result loss of estimation, reputation, and job to Plaintiff.

38. Despite this knowledge, the Defendant failed to exercise reasonable care in hiring, retaining, selecting and/or supervising Diamond in her "first ever" PIA assignment as listed above and during her write-up.

---

[4] In MDF Case No. 8:15-cv-2787-EAK-AEP, Plaintiff filed a claim of Negligent Supervision only. The court dismissed the negligent supervision count, holding that in federal court, the acts of the employee must be committed outside of the scope and course of employee, whereas State of Florida law allows recovery.

39. As a direct and proximate cause of the acts described above, Plaintiff has not only suffered the injuries described herein, but resulting pain and suffering, inconvenience and discomfort, loss of time, mental anguish, expenses incurred due to the medical treatment, loss of enjoyment of life, and loss of job. The Plaintiff's losses are permanent and continuing and she will suffer losses in the future.

**WHEREFORE**, the Plaintiff prays:

    a. Judgment for all damages in excess of $15,000 dollars, plus costs;

    b. Trial by jury as to all issues so triable; and

    c. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT III - NEGLIGENT TRAINING BY DEFENDANT ELLUCIAN

40. The Plaintiff incorporates paragraphs 1-34 of this Complaint as if fully set forth under this count.

41. At all times material, Diamond was, either directly or through its agents, under the direction, supervision, and control of the Defendant Ellucian.

42. The Defendant Ellucian either directly or through its agents, negligently trained Diamond, when the Defendant knew or should have known that its failure to properly train her could pose a threat of harm to its clients or employees or its clients.

43. Despite this knowledge, the Defendant Ellucian, either directly or through its agent, failed to exercise reasonable care in training Diamond in the proper method for consultation, assessment, and reporting protocols related to PIA.

44. As a direct and proximate cause of the acts described above, the Plaintiff has not only suffered the damages described herein, but resulting pain and suffering, inconvenience and

discomfort, loss of time, mental anguish, expenses incurred due to the medical treatment, loss of enjoyment of life, and loss of job, estimation, and reputation in the community. The Plaintiff's losses are permanent and continuing and she will suffer losses in the future.

**WHEREFORE**, the Plaintiff prays:

    a. Judgment for all damages in excess of $15,000 dollars, plus costs;

    b. Trial by jury as to all issues so triable; and

    c. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV - NEGLIGENCE AND GROSS NEGLIGENCE[5]
### OF ELLUCIAN AND DIAMOND

45. The Plaintiff incorporates paragraphs 1-44 of this Complaint as if fully set forth under this count.

46. Defendant Ellucian, directly or indirectly, negligently, recklessly, wantonly, and/or pretextually, wrote, developed, published, supplied, and/or distributed the Ellucian Report.

47. Defendant owed a duty to employees of USF, including the Plaintiff, to use reasonable care in writing, developing, publishing, supplying, and/or distributing the Ellucian Report, including a duty to ensure that the Ellucian Report did not cause employees to suffer from unreasonable, unknown, or ill-founded consequences from its effects.

48. Defendant Ellucian had a duty to train, supervise, and control its employee Diamond, to use reasonable care in writing and developing the Ellucian Report.

49. Defendant Ellucian failed to exercise such reasonable care.

---

[5] The court in MDF Case No. 8:15-cv-2787-EAK-AEP dismissed this claim, holding that USFBOT is the only proper party in privity to assert a claim of Negligence or Gross Negligence. In the State of Florida, whether an entity may be held liable is subject to a factual determination by the jury.

50. Defendant Ellucian breached its duties to the Plaintiff in that, and not by way of limitation, Ellucian hired an *unqualified* consultant to conduct the PIA and to evaluate Plaintiff; Ellucian did not train, supervise, or control Diamond during the PIA; Ellucian did not investigate or warn of the known errors associated with the Ellucian Report, and did not exercise an acceptable standard of care, i.e., what a reasonably prudent consultant would have known and warned about. Moreover, the report failed to provide cautions, caveats, or safeguards to prevent the damages sustained by Plaintiff.

51. Defendant Ellucian breached its duties to the Plaintiff in that, as a paid consultant receiving the rate of a professional consultant, Diamond did not exercise an acceptable standard of care, i.e., what a professional paid consultant would have known and warned about. Moreover, the report failed to provide cautions, caveats, or safeguards to prevent the damages sustained by Plaintiff.

52. Defendant Ellucian failed to properly investigate Andrea Diamond's findings and/or conclusions in the Ellucian Report, and as a result subjected Plaintiff to an unreasonable risk of harm when its report was released and published.

53. Defendant knew, or should have known, that the Ellucian Report contained unreasonable, unsupported conclusions subject to misinterpretation and potentially harmful to Plaintiff.

54. Defendant Ellucian nevertheless wrote, developed, published, supplied, and/or distributed the Ellucian Report, knowing of its unreasonable risk of injury to Plaintiff.

55. Defendant Ellucian knew or should have known that Plaintiff would suffer harm as a result of Ellucian's failure to exercise reasonable care.

56. Defendant knew of the harmful nature of the Ellucian Report, as set forth herein, but continued to write, develop, publish, supply, and/or distribute the Ellucian Report at the expense

of the Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the Ellucian Report.

57. Defendant Ellucian failed to disclose to the Plaintiff and the general public facts known or available to them, as alleged herein. This failure to disclose deprived the Plaintiff of the benefit of information necessary for her retention or continued employment.

58. Ellucian's actions involved an extreme degree of risk and potential harm to the Plaintiff.

59. Ellucian knew the risk but still proceeded with a conscious indifference to the rights or welfare of the Plaintiff.

60. As a proximate result of the Defendant Ellucian's negligence and gross negligence, the Plaintiff has been damaged and it seeks to recover all actual, consequential, incidental, and exemplary damages.

61. By virtue of the Defendant Ellucian's negligence, Ellucian has directly, foreseeably and proximately caused the Plaintiff to suffer harm, including termination from her employment, pain and suffering, loss of estimation in the community, and economic loss. As a result, the imposition of punitive damages against the Defendant is also warranted.

62. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered injury and harm as previously alleged herein, ascertainable economic loss and damages, arising from the harm done to Plaintiff as a result of the Ellucian report.

63. As a direct and proximate cause of the acts described above, the Plaintiff has not only suffered the damages described herein, but resulting pain and suffering, inconvenience and discomfort, loss of time, mental anguish, expenses incurred due to the medical treatment, loss of enjoyment of life, and loss of job, estimation, and reputation. The Plaintiff's losses are permanent and continuing and she will suffer losses in the future.

**WHEREFORE**, the Plaintiff prays:

    a. Judgment for all compensatory damages in excess of $15,000 dollars, plus costs;

    b. Trial by jury as to all issues so triable; and

    c. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V – DEFAMATION BY ELLUCIAN AND DIAMOND

64. The Plaintiff incorporates paragraphs 1-29 and 45-63 of this Complaint as if fully set forth under this count.

65. Ellucian's Diamond published, or caused to have published, false and defamatory statements regarding Ms. DeBose, a private figure, as set forth hereinabove.

66. At the time of said publications, Ellucian's Diamond either knew that the statements were false, or acted in reckless disregard of their truth or falsity.

67. The false and unprivileged statements about Ms. DeBose by Ellucian's Diamond exposed Ms. DeBose to distrust, hatred, contempt, and ridicule, and caused her to be avoided by her friends and peers and irreparably injured Ms. DeBose's personal and professional reputation and earning capacity.

68. At the time of said publications, Ellucian and Diamond defamed Ms. DeBose for their own personal / corporate gain, and did so in bad faith and with ill will and malice.

69. The said false and defamatory statements were published to third parties, and were then also widely disseminated to the public at large through newspaper articles, broadcasts, and the internet, as more particularly described above.

70. The intentional and wrongful conduct of the Defendant Ellucian proximately caused the following damages to Ms. DeBose: severe injury to her personal reputation, extreme personal stress, mental anguish, emotional trauma, embarrassment and very public humiliation, as well as

irreparable damage to her professional reputation, including any future potential employment as a college/university registrar, and earning capacity, in her chosen profession as a university registrar, all of which she continues to suffer to this day.

### COUNT VI – WANTONESS BY ELLUCIAN AND DIAMOND

71. The Plaintiff incorporates paragraphs 1-70 of this Complaint as if fully set forth under this count.

72. The conduct of Ellucian and Diamond herein complained of was wanton, in that it was carried on by them consciously or deliberately, with reckless or conscious disregard of the rights or well-being of Ms. DeBose.

73. The intentional wrongful conduct of the Defendant proximately caused the following damages to Ms. DeBose: severe injury to her personal reputation, extreme personal stress, mental anguish, emotional trauma, embarrassment and very public humiliation, as well as irreparable damage to her professional reputation, including any future potential employment, and earning capacity, in her chosen profession as a university registrar, all of which she continues to suffer to this day.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues so triable of each and every one of the Counts set forth above.

**RESPECTFULLY** submitted this **25th** day of June, 2018,

*/s/ Angela DeBose*
Angela DeBose, Plaintiff
1107 W. Kirby Street
Tampa, FL 33604
(813) 932-6959
awdebose@aol.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF service to all counsel of record this **25th** day of June 2018.

                                        Respectfully submitted,

                                        _/s/ *Angela DeBose*_____
                                        Angela DeBose, Plaintiff