UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,
     Plaintiff,

                                    **Case No. 8:18-cv-00473-EAK-AAS**

v.


ELLUCIAN COMPANY, L.P.,
and ANDREA DIAMOND,
     Defendants.

---

**PLAINTIFF'S SUPPLEMENT TO THE MOTION TO REMAND**

Plaintiff, Angela DeBose, respectfully supplements her March 8, 2018 Motion to Remand (Doc. 8), pursuant to the Court's July 10th and July 16th, 2018 endorsed orders granting Plaintiff leave.  In addition to the grounds for remand described in detail in the Plaintiff's March 8th Motion, the Plaintiff received after her Motion was filed, a Master Services Agreement wherein Ellucian and the University of South Florida executed a mandatory forum selection clause exclusively identifying "state and federal courts in Tampa, Florida."  Based on this contract clause, the Amended Complaint, and other factors identified in the Motion, Plaintiff files this supplement to indicate new arguments in support of remand—that jurisdiction is proper in the state court, where the Plaintiff's original complaint was filed.

    I.       **Defendant Cannot Prove Complete Diversity in Federal Jurisdiction**

For federal jurisdiction to exist, each and every defendant in an action must be a citizen of a different state from that of any named plaintiff.  *Bel-Bel International Corp. v. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998) (diversity jurisdiction requires that the plaintiff be a citizen of a different state (or nation) from that of any of the defendants).  Thus, if any one defendant

1

hales from the same state, territory, or principality as any plaintiff, diversity is destroyed, and the district court cannot acquire jurisdiction. DeBose and Ellucian are both citizens of Florida:

A. DeBose is a Citizen of Florida

Determining the geographic residency of a party is relatively straightforward. For purposes of diversity jurisdiction, an individual is a resident of the state wherein he or she is domiciled. *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991). Domicile, in turn, consists of two factors: residence within a particular state and an intent to remain therein. *See Mitchell v. Mackey*, 915 F. Supp. 388, 391 (M.D. Ga. 1996). In the case of Angela DeBose, the Plaintiff, her residency is in Florida wherein she is domiciled and has legal ties to the State.

B. Ellucian, L.P. is a Citizen of Florida

In her Motion for Remand, Plaintiff discussed that Ellucian, a limited partnership, derives its citizenship from their individual members and will be considered a citizen of every state of which one of its members is a citizen. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Riley v. Merrill Lynch*, 292 F.3d 1334 (11th Cir. June 7, 2002). Additionally, Ellucian does substantial business in Florida at a Florida location. In terms of Ellucian's residency, *Carden* (not *Bel-Bel*) applies. Under the Carden analysis, Ellucian is a resident of Florida. Another noteworthy consideration regarding residency is the effect of service of process upon a defendant. Addressing the removal of diversity actions, 28 U.S.C. §1441(b) states, "Such action[s] shall be removable only if none of the parties in interest properly *joined and served* as defendants is a citizen of the state in which such action is brought." In the instant case, Ellucian has a registered agent in the State of Florida and was served and accepted service of process in Florida. Under 28 U.S.C. 1441(b), the presence of a local defendant that is served, likewise defeats removal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 539-41 (1939). The effect of 28 U.S.C. 1441 is that diversity jurisdiction removal is unavailable to an in-state defendant. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001).

2

"[A]ctions cannot be removed based on diversity if any defendant is a citizen of the forum state." *Bouie v. American General Life and Accident Ins. Co.*, 199 F. Supp.2d 1259, 1262 n.4 (N.D. Fla. 2002). Thus, a Florida defendant sued in a Florida state court cannot remove a case to federal court based on diversity jurisdiction.

### II.     The Original State Court Forum Plaintiff Selected Is Valid

The Master Terms and Conditions agreement between Ellucian and the University of South Florida Board of Trustees ("USFBOT") affixed to Plaintiff's Amended Complaint includes a forum selection clause and choice of law provision [p. 12, ¶ 14], which states in relevant part:

> **CHOICE OF LAW; SEVERABILITY; JURISDICTION; VENUE**
> **Each Order Form will be governed by and construed under the laws of the State of Florida, without reference to its choice of law provisions. The exclusive venue for all disputes arising out of this Agreement shall be the state and federal courts located in Tampa, Florida and the parties irrevocably submit to the personal jurisdiction of such courts.**

Here, the forum selection clause is mandatory in that it provides that the parties consent to the exclusive jurisdiction of state and federal courts located in Tampa, Florida. See *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" (citation omitted)). Therefore, the Thirteenth Judicial Circuit Court of Hillsborough County, Florida, a state court located in Tampa, Florida, is a designated forum; Plaintiff's selection did not cause the Defendants to breach the contract's forum selection clause.

### III.     Defendants Cannot Meet Their Burden to Establish Diversity Removal

The Defendants bear the burden of establishing why the court should not remand the case back to a forum that Ellucian and USF clearly bargained for in the underlying contract and where Plaintiff filed her original complaint. Ellucian's private interests should not be considered because by entering into a forum selection clause, the parties have waived the right to challenge the selected

forum as inconvenient. *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, No. 12-929, 571 U.S. ____ (2013). Under the *Bremen* standard, federal courts generally view forum selection clauses as prima facie or presumptively valid unless unreasonable and unjust under the circumstances. *Bremen v. Zapata Off-Shore Co., 407 U.S. 1(1972)*. There are no compelling reasons why a freely negotiated agreement, unaffected by fraud, undue influence, or overwhelming bargaining power by Ellucian and USF should not be given effect, as a routine transaction between companies. *Id.* Although the Middle District Court of Florida, Tampa Division, is also a possible forum, diversity jurisdiction removal is not authorized under the provision of 28 U.S.C. §1441(b).

### IV.   Diamond is Under Florida's Long-Arm Jurisdiction and should have Anticipated being Haled into Court

The Eleventh Circuit considers two questions in resolving personal jurisdiction over a non-resident defendant: (1) whether personal jurisdiction exists under the forum state's long-arm statute; and (2) whether exercising jurisdiction over the nonresident defendant would violate the Due Process Clause of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The Due Process Clause "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (internal quotation marks omitted); *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993). These requirements ensure that the defendant has "fair warning" that a particular activity may subject h[er] to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In a case involving specific jurisdiction, the minimum-contacts test encompasses two distinct requirements: (1) "relatedness"—that "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (2) "purposeful availment"—that "the nonresident defendant 'purposefully availed' h[er]self of the privilege of conducting activities within the forum

4

state, thus invoking the benefit of the forum state's law." *Louis Vuitton*, 736 F.3d at 1355. While Plaintiff has not conducted jurisdiction discovery concerning Defendant Andrea Diamond, her contacts with the forum state were such that she should have reasonably anticipated being haled into court here. *Id*. at 1357.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court to remand the case back to state court and require Defendants to make payment of just costs and any actual expenses incurred as a result of the removal.

Dated this **17th** day of July, 2018.                    Respectfully,

/s/ *Angela DeBose*_____
Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of July, 2018, the above and foregoing was filed electronically and notice of the filing sent to: Kimberly Doud, Littler Mendelson, 111 North Magnolia Avenue, Suite 1250, Orlando, Florida 32801; email: (kdoud@littler.com).

    /s/ *Angela DeBose*_____
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com